UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR C. THOMAS,

       Plaintiff,

  v.

CARL E. DUBOIS,

       Defendant.

No. 19-CV-7533 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

  By Opinion & Order dated April 30, 2020 ("the Opinion"), the Court granted Defendant's Motion to Dismiss, dismissing Plaintiff's claims in their entirety. (Dkt. No. 30.) The Opinion dismissed Plaintiff's claims without prejudice and granted Plaintiff 30 days to amend. (*Id.*) Although a copy of the Opinion was mailed to Plaintiff's last known address, the Court received notice on May 26, 2020 that the Opinion had been returned as undeliverable. (*See* Dkt. (minute entry May 26, 2020).)

  On June 1, 2020, the Court issued an Order ("Order to Show Cause") directing Plaintiff to show cause by no later than July 2, 2020 why this case should not be dismissed for failure to prosecute. (Dkt. No. 31.) A copy of that Order was mailed to Plaintiff's last known address three days later. (*See* Dkt. (entry for June 4, 2020).). On June 18, 2020. the Court received notice that the Order to Show Cause was returned as undeliverable. (*See* Dkt. (entry for June 18, 2020).) To date, although the July 2, 2020 deadline has passed, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court. Accordingly, the Court dismisses the Action for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

2

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 6 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the [A]ction if Plaintiff fails to do so."); Dkt. No. 8 ("Plaintiff must notify the Court in writing if his address change, and the Court may dismiss the Action if Plaintiff fails to do so.").) Moreover, Plaintiff has demonstrated his understanding of that obligation by previously advising the Court of changes in his address. (*See* Dkt. No. 28.) Nonetheless, Plaintiff has apparently failed to provide the Court with an accurate, updated address. (*See* Dkt. (minute entry May 26, 2020 (noting returned mail); June 18, 2020 (same)).) Further, the Court's recent Order to Show Cause indicated that Plaintiff's failure to show cause would result in the Court dismissing the case without further notice. (*See* Order to Show Cause.) That Order was returned as undeliverable. (*See* Dkt. (entry for June 18, 2020).)

Accordingly, the Action is dismissed with prejudice for failure to prosecute. *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order ... requiring him to notify the court ... as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4

(S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address, and to close this case.

SO ORDERED.

Dated: July 6, 2020
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4